[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Curtis Wordlaw appeals his conviction on one count of abduction in violation of R.C. 2905.02. (He originally had been charged with four counts of kidnapping, aggravated robbery and robbery. All the charges stemmed from a vigilante attempt by Wordlaw and three cohorts to obtain items allegedly stolen from him by one of the victims.)
After the trial court had accepted Wordlaw's guilty plea, it confined him to the Hamilton County Justice Center for 60 days and imposed a three-year term of community control. Counsel appointed to prosecute Wordlaw's appeal has filed a no-error brief in compliance with Anders v.California.[1] Although counsel has found no error, Wordlaw raises the following points: (1) he was not sentenced in a similar fashion as his co-defendants and (2) he sought release prior to the expiration of his 60-day confinement to see the birth of his child.
We must independently review the record in its entirety to determine whether the appeal is wholly frivolous. We have done so, keeping in mind Wordlaw's concerns and conclude that no prejudicial error has been demonstrated.[2] Thus, we overrule the motion to withdraw filed by Wordlaw's counsel and affirm the trial court's judgment.
Although we hold that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we allow no penalty because of Wordlaw's indigency.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Winkler, JJ.
[1] See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See id.